IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA WACHOWICZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOVENMUEHLE MORTGAGE, INC.,<br><br>Defendant. | Case No. 1:23-cv-08834 |

## NOTICE OF REMOVAL

Defendant Dovenmuehle Mortgage, Inc. ("DMI"), hereby removes the above-captioned action to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Removal to this Court is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of this Notice of Removal, DMI states as follows:

## THE STATE COURT ACTION

1. On or about July 26, 2023, Plaintiff Lisa Wachowicz ("Plaintiff" or "Wachowicz") filed a Complaint against DMI in the Chancery Division of the County Department of the Circuit Court of Cook County, Illinois (the "State Court"). The Complaint was assigned case number 2023-CH-06856. A copy of the Complaint is attached hereto as **Exhibit A** ("Compl.").

2. In the Complaint, Plaintiff alleges that she took out a mortgage loan in February 2019. Compl. ¶ 31. According to Plaintiff, "[s]hortly thereafter, DMI began servicing Ms. Wachowicz's mortgage loan." *Id.* ¶ 33. Plaintiff alleges that she "made the payments due pursuant to the note and mortgage" and that, prior to early 2022, she "made her mortgage

payments via an automated clearinghouse ('ACH') payment from an account at Chase Bank." *Id.* ¶¶ 34-35.

3. In early 2022, Plaintiff allegedly "opened new accounts with the Credit Union of Colorado, including a checking and savings account." *Id.* ¶ 36. Plaintiff alleges that she "authorized and instructed DMI to withdraw her monthly mortgage payment from her account at the Credit Union of Colorado and ended her authorization for DMI to withdraw funds from Chase Bank." *Id.* ¶ 37. However, according to Plaintiff, "DMI attempted to withdraw Ms. Wachowicz's March 2022 mortgage payment from Chase Bank," which "failed for obvious reasons." *Id.* ¶ 38. DMI also allegedly "simultaneously attempted to withdraw the March 2022 mortgage payment from Ms. Wachowicz's account at the Credit Union of Colorado," which was "completed successfully." *Id.* ¶ 39.

4. Plaintiff alleges that, "[i]nitially, DMI's records indicated" that Plaintiff "had made two identical payments on March 1, 2022." *Id.* ¶ 40. However, on March 4, 2022, DMI allegedly "reversed one of these payments and determined that Ms. Wachowicz had not made *any* payment for March 2022." *Id.* ¶ 41.

5. Plaintiff alleges that "DMI furnished inaccurate mortgage payment history information concerning Ms. Wachowicz to Equifax, Experian, and Trans Union," which are all consumer reporting agencies ("CRAs"). *Id.* ¶ 42. Specifically, she alleges that DMI reported that, "as of April 2022, she was more than 30 days late in paying her mortgage." *Id.* Plaintiff allegedly "disputed the inaccurate information that DMI had furnished" to the CRAs "with each of the CRAs." *Id.* ¶ 44. "Upon information and belief," Plaintiff alleges that "each of the CRAs forwarded Ms. Wachowicz's dispute to DMI." *Id.*

6. According to Plaintiff, "DMI failed to investigate the inaccurate information it had furnished to Equifax, Experian, and Trans Union, failed to correct it, and failed to delete it." *Id.* ¶ 45. Plaintiff further alleges that "DMI also failed to mark the information it had furnished to Equifax, Experian, and Trans Union as 'disputed.'" *Id.* ¶ 46. Plaintiff alleges that, "[m]onths later, the inaccurate information remained in Ms. Wachowicz's Equifax, Experian, and Trans Union credit files." *Id.* ¶ 47.

7. Plaintiff alleges that she "suffered harm, including the loss of time and resources associated with disputing the inaccurate information DMI had furnished, and harm to her credit reputation and credit score" as a result of DMI's alleged "conduct." *Id.* ¶ 48.

8. The Complaint purports to assert two Count against DMI under the federal Fair Credit Reporting Act ("FCRA"):

   a. In the first Count, Plaintiff alleges that DMI violated the FCRA by "negligently or willfully" failing to "correct or delete" allegedly "inaccurate late mortgage payment information" in violation of 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 61-63.

   b. In the second Count, Plaintiff alleges that DMI violated the FCRA by "negligently or willfully" failing to "mark the disputed information as 'disputed'" in violation of 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 64-66.

9. In addition, Plaintiff seeks to represent a putative class and two putative subclasses against DMI. *Id.* ¶ 55. The putative class and putative subclasses are defined as follows:

   a. *Timely Payments Class.* All individuals with an address in the United States and its Territories (1) for whom Defendant's records reflect receipt of a full, timely mortgage payment for a given month; (2) about whom, within 30 days of such payment, Defendant furnished late mortgage payment history information to a consumer reporting agency with respect to said month; (3) concerning which late payment information Defendant received a notice of dispute from the consumer reporting agency during the period beginning two years prior to the filing of this matter and continuing until the date of the Court's class certification order; and (4) for whom Defendant failed to correct or delete this late payment information within 30 days of receipt of the notice of dispute.

b. *Payment Account Change Subclass.* All individuals with an address in the United States and its Territories (1) for whom Defendant has a record of the individual's having authorized Defendant to withdraw one or more mortgage payments from an account different from the account which Defendant withdrew the previous month's payment, if any; (2) from whose different account Defendant withdrew a full, timely payment; (3) about whom, within 30 days of said withdrawal, Defendant furnished late mortgage payment history information to a consumer reporting agency; (4) concerning which late payment information Defendant received a notice of dispute from the consumer reporting agency during the period beginning two years prior to the filing of this matter and continuing until the date of the Court's class certification order; and (5) for whom Defendant failed to correct or delete this late payment information within 30 days of receipt of the notice of dispute.

c. *Payment Institution Change Subclass.* All individuals with an address in the United States and its Territories (1) for whom Defendant has a record of the individual's having authorized Defendant to withdraw one or more mortgage payments from a financial institution different from the financial institution from which Defendant withdrew the previous month's payment, if any; (2) from which different financial institution Defendant withdrew a full, timely payment; (3) about whom, within 30 days of said withdrawal, Defendant furnished late mortgage payment history information to a consumer reporting agency; (4) concerning which late payment information Defendant received a notice of dispute from the consumer reporting agency during the period beginning two years prior to the filing of this matter and continuing until the date of the Court's class certification order; and (5) for whom Defendant failed to correct or delete this late payment information within 30 days of receipt of the notice of dispute.[1]

10. On behalf of herself and the putative class and putative subclasses, Plaintiff seeks "[a]ctual damages, statutory damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 1681o," as well as "[p]re- and post-judgment interest as may be allowed at law." Compl., pp. 15-16.

## FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION AND THIS COURT HAS STANDING UNDER ARTICLE III

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States." Jurisdiction exists under § 1331 "where an issue of federal law appears on the face of the

---

[1] DMI denies that class certification is appropriate in this case and reserves its rights to contest class certification at an appropriate time.

complaint." *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003). *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (a claim "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

12. Here, federal question jurisdiction exists on the face of the Complaint, as Plaintiffs purports to bring claims against DMI under the federal FCRA, 15 U.S.C. §§ 1681, *et seq*. *See* Compl. ¶¶ 61-66.

13. In addition, this Court has Article III standing with respect to this case. *See, e.g.*, *Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146, 1154 (7th Cir. 2022) (holding that complaint alleged a concrete "injury-in-fact" for Article III standing purposes where plaintiffs alleged that companies allegedly reported debts to CRAs without indicating that debts were disputed).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

14. **Venue Is Proper**. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois, which is the federal district court encompassing the court where the state court action was filed. 28 U.S.C. § 93(a)(1).

15. **Removal Is Timely**. On August 10, 2023, a summons and copy of the Complaint was served on DMI's registered agent for service of process. This Notice of Removal has been timely filed within thirty days of receipt of the summons described above, pursuant to 28 U.S.C. § 1446(b).

16. **Pleadings and Process**. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit B**, in compliance with 28 U.S.C. § 1446(a). Defendant DMI has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

17. **Notice**. A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court in which the action is pending and served on Plaintiff, pursuant to 28 U.S.C. § 1446(d) (attached hereto as **Exhibit C**). A copy of the Notice of Removal to All Adverse Parties will be served promptly on Plaintiff, pursuant to 28 U.S.C. §§ 1446(a), (d) (attached hereto as **Exhibit D**).

18. **Signature**. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendant DMI below.

19. **No Prior Removal**. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

20. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

21. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, DMI respectfully requests the opportunity to submit such additional briefing, argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant DMI respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 2023-CH-06856, to this Court.

Dated:  September 11, 2023

Respectfully submitted,

By: */s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
Michael H. Bornhorst
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7111
lnale@mayerbrown.com
ccomstock@mayerbrown.com
mbornhorst@mayerbrown.com

*Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 11, 2023, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for plaintiff at the addresses and email addresses below:

> Jordan M. Sartell (ARDC No. 6310097)
> 310 South County Farm Road, Suite H
> Wheaton, IL 60187
> T: 215.735.8600
> jsartell@consumerlawfirm.com
>
> John Soumilas (ARDC No. 6343737)
> 1600 Market Street, Suite 2510
> Philadelphia, PA 19103
> T: 215.735.8600
> jsoumilas@consumerlawfirm.com

By: */s/ Christopher S. Comstock*
Christopher S. Comstock